**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BRAD ALAN ROBERTSON                                                          PLAINTIFF
ADC #657705

v.                                              3:17cv00051-DPM-JJV

STEVE J. ROREX, Jail Administrator,
Poinsett County Detention Center; *et al.*                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

    The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Brad Alan Robertson ("Plaintiff") filed this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.)  He alleges Defendants Steve J. Rorex, Kim Muse, Becky Hitt, and Susan Cox, officials at the Poinsett County Detention Center, denied him medical attention during his incarceration there.  (*Id*. at 4.)  He seeks monetary damages.  (*Id*. at 8.)  Defendants have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims.  (Doc. No. 32.)  Plaintiff has not responded, and this matter is now ripe for a decision.  After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's Complaint should be DISMISSED.

## II.     FACTS

According to Plaintiff's Complaint, he was booked into the detention center on January 17, 2017, and denied medical treatment for his diabetes until January 21, 2017.  (Doc. No. 2 at 4.) Plaintiff claims his blood sugar was very high and "[e]ach day [he] begged for medical attention." (*Id*.)  On January 21, 2017, someone found his blood sugar tester and it returned a high reading. (*Id*.)  Defendant Hitt, a captain, arranged for a deputy to take Plaintiff to a local emergency room,

but he had to wait approximately one and a half hours to be transported.  (*Id.*)  Plaintiff was treated at the emergency room and released that same day.  (*Id.*)

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.    ANALYSIS

### A.    Official Capacity Claims

Plaintiff has sued Defendants in both their official and personal capacities.  (Doc. No. 2 at 2.)  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)).  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Id.* at 166.  Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Poinsett County.  Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id.* at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Poinsett County that caused or contributed to his alleged injuries.  Accordingly, his official capacity claims against Defendants should be dismissed.

### B.    Personal Capacity Claims

Defendants contend they are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities.  (Doc. No. 33 at 6.)  Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions:  (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Id*.  Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

5

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[1] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A claim that prison officials were deliberately indifferent to a prisoner's serious medical needs has both objective and subjective components. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A plaintiff must demonstrate (1) that he suffered from objectively serious medical needs, and (2) that prison officials actually knew of but deliberately disregarded those needs. *Id*. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Estelle*, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id*. at 105.

Even assuming Plaintiff's high blood sugar constituted a serious medical need, the record demonstrates Defendants did not deliberately disregard it. Plaintiff admits Defendants had him transported to a local emergency room four days after he arrived at the detention center, when he first received a high blood sugar reading. (Doc. No. 2 at 4.) Plaintiff admits he received medical attention at the hospital, and he does not allege that treatment was deficient in any way. (*Id*.)

---

[1] Because Plaintiff was a pretrial detainee at the time of the alleged violation (Doc. No. 2 at 3), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard has been held to apply. *Id*. at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

Instead, Plaintiff's claim is premised on the four-day delay in receiving treatment, during which time he says he repeatedly requested medical attention for his diabetes. Defendants contend Plaintiff has alleged no facts to show they were aware of his medical need at that time, nor has he shown a layperson would have recognized the need for medical attention during that time. *See McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) (an objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious even a layperson would easily recognize the necessity for a doctor's attention). Given Plaintiff's allegation that someone "found" his blood sugar tester on January 21, 2017 (Doc. No. 2 at 4), Defendants' contention may be well taken. But Plaintiff alleges he made both verbal and written requests for help, asking for medical attention every day because his blood sugar was high. (*Id.*) Defendants have not supported their Motion with exhibits showing Plaintiff did not request medical attention, or that his blood sugar was normal, or that despite his complaints of high blood sugar they had reason to believe he did not need medical attention, or that they were monitoring the situation. Assuming such evidence exists, it would have been helpful in establishing the absence of a genuine issue of material fact.

Still, Plaintiff's allegations are not supported by sufficient probative evidence that would permit a finding in his favor. *Mann*, 497 F.3d at 825. As Defendants point out, when an inmate alleges a delay in medical treatment is the constitutional deprivation, the objective seriousness of the deprivation should be measured by reference to the effect of delay in treatment. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Plaintiff has not submitted

any medical evidence to show the four-day delay in treatment had a detrimental effect.  More significantly, he has not alleged he was harmed in any way by the delay.  He only alleges he repeatedly requested medical attention until he finally received a high blood sugar reading on January 21, 2017, at which time he was taken to a hospital for treatment.  Therefore, Plaintiff has failed to make a showing sufficient to establish the existence of an element essential to his case, and on which he would bear the burden of proof at trial.  *Crowley*, 109 F.3d at 502 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

To the extent Plaintiff's claim is also premised on the delay of one and a half hours in which he waited to be transported to the emergency room on January 21, 2017, the same principles apply.  Moreover, as Defendants point out, Plaintiff has not alleged his condition was so urgent that the normal procedures for a safe transport should have been suspended.

For these reasons, Plaintiff has failed to show Defendants were deliberately indifferent to his serious medical need.  Because the facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of a constitutional or statutory right, Defendants are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 32) be GRANTED.

2.    Plaintiff's claims be DISMISSED with prejudice.

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 5th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE